**FILED**
**JANUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIUS N. BROWN, | ) |
| | ) Case No. **08 C 316** |
| Plaintiff, | ) |
| | ) Judge |
| v. | ) |
| | ) Magistrate Judge |
| SEAN P. BOTTOM, KEVIN A. STANULA, | ) **JUDGE BUCKLO** |
| and CITY OF CHICAGO, | ) **MAGISTRATE JUDGE MASON** |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff JULIUS N. BROWN by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**PARTIES**

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants SEAN P. BOTTOM (hereinafter BOTTOM) and KEVIN A. STANULA (hereinafter STANULA) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**STATEMENT OF FACTS**

8. On January 22, 2007, at approximately 9:30 PM, plaintiff JULIUS N. BROWN was lawfully in a public place on 75th Street near South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants stopped, searched, and arrested him.

9. Plaintiff was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendant police officers caused a false charge of drinking on the public way to be filed against plaintiff, alleging that plaintiff was drinking beer in public at a location several miles from where plaintiff was arrested. Plaintiff was booked, processed, and formally charged with said violation.

11. Plaintiff JULIUS N. BROWN was wrongfully incarcerated for several hours.

12. The charge of drinking on the public way was non-suited on March 8, 2007.

13. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

14. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

15. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff Against Individual Defendants for False Arrest**

16. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

17. The stop, arrest, and incarceration of plaintiff by the individual defendants for the purpose of charging him with a false charge were without probable cause and unreasonable.

18. By reason of the conduct of the individual defendants, plaintiff JULIUS N. BROWN was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against All Individual Defendants for Due Process Violations

19. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

20. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, making false statements under oath, and otherwise acting to deny plaintiff a fair hearing and trial.

21. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

22. By reason of the conduct of the individual defendants, plaintiff JULIUS N. BROWN was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

23. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

24. The individual defendants maliciously caused charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

25. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and making false statements under oath.

26. Plaintiff was wrongfully incarcerated for several hours as a direct result of the prosecution of these criminal charges.

27. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

28. The criminal proceedings were terminated in plaintiff's favor by a non-suit on March 8, 2007.

29. Defendants BOTTOM and STANULA, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

30. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff JULIUS N. BROWN by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B. That defendants be required to pay plaintiff special damages,

    C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

  E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

  F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: January 14, 2008          /s Irene K. Dymkar
                    Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123