**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIUS N. BROWN, | ) | |
| | ) | Case No.08 C 316 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| | ) | Magistrate Judge Mason |
| SEAN P. BOTTOM, KEVIN A. STANULA, | ) | |
| and CITY OF CHICAGO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:   Irene Dymkar
      Attorney for Plaintiff
      300 W. Adams St., Suite 330
      Chicago, Illinois 60606-5107

**PLEASE TAKE NOTICE** that on May 7, 2008, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS CITY OF CHICAGO, BOTTOM AND STANULA'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** copies of which are herewith served upon you.

                                        Respectfully submitted,

                                        /s/ Gail Reich
                                        GAIL REICH
                                        Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564

**CERTIFICATE OF SERVICE**

I, Gail Reich, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING and DEFENDANTS CITY OF CHICAGO, BOTTOM AND STANULA'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on May 7, 2008, in accordance with the rules on electronic filing of documents.

/s/ Gail Reich
GAIL REICH
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS N. BROWN, | ) | |
| | ) | Case No.08 C 316 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| | ) | Magistrate Judge Mason |
| SEAN P. BOTTOM, KEVIN A. STANULA | ) | |
| and CITY OF CHICAGO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago, (hereinafter "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago and Chicago Police Officers, Sean P. Bottom and Kevin A. Stanula (hereinafter "Defendant Officers", and collectively "Defendants"), by one of their attorneys, Gail Reich, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint:

**NATURE OF CLAIM**

1.　　This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:**　　Defendants admit that Plaintiff brings this action pursuant to 42 U.S.C. §1983 and that at all times Defendant Officers were acting under color of law. Defendants deny the remaining allegations.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER:** Defendants admit that Plaintiff brings a claim for malicious prosecution and admit that jurisdiction is proper, but deny engaging in any wrongful or illegal conduct.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:** Defendants admit that this Court has jurisdiction under 28 U.S.C. §§1331 and 1367, but deny engaging in any wrongful or illegal conduct and deny the remaining allegations.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:** Defendant admit that venue is proper, but deny engaging in any wrongful or illegal conduct.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. At all times herein mentioned, defendants SEAN P. BOTTOM (hereinafter BOTTOM) and KEVIN A. STANULA (hereinafter STANULA) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

**ANSWER:** Defendants admit that Sean Bottom and Kevin Stanula were officers in the Chicago Police Department, acting under the color of state law, and as the employees or agents of the City of Chicago, Illinois. Defendants further admit that Plaintiff has sued them in their individual capacities.

  7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

  **ANSWER:** Defendants admit the allegations contained in this paragraph.

## STATEMENT OF FACTS

  8. On January 22, 2007, at approximately 9:30 PM, plaintiff JULIUS N. BROWN was lawfully in a public place on 75th Street near South Racine Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants stopped, searched, and arrested him.

  **ANSWER:** Defendants admit that on January 22, 2007, at approximately 9:40 p.m., Plaintiff Julius N. Brown was stopped, a protective pat down performed, and that plaintiff was arrested. Defendants deny the remaining allegations contained in this paragraph.

  9. Plaintiff was placed under arrest despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

  **ANSWER:** Defendants admit that plaintiff was arrested and that there was no warrant for his arrest. Defendants deny the remaining allegations contained in this paragraph.

  10. Defendant police officers caused a false charge of drinking on the public way to be filed against plaintiff, alleging that plaintiff was drinking beer in public at a location several miles from where plaintiff was arrested. Plaintiff was booked, processed, and formally charged with said violation.

  **ANSWER:** Defendants admit that plaintiff was charged with MCC 8-4-030, and that he was booked, processed and charged with violating MCC 8-4-030. Defendants deny the remaining allegations contained in this paragraph.

  11. Plaintiff JULIUS N. BROWN was wrongfully incarcerated for several hours.

  **ANSWER:** Defendants admit that plaintiff was placed in custody for a period of time, but deny the remaining allegations contained in this paragraph.

  12. The charge of drinking on the public way was non-suited on March 8, 2007.

**ANSWER:** Defendants admit, on information and belief, that the charge of MCC 8-4-030 against plaintiff was dismissed by non-suit on March 8, 2007. Defendants deny the remaining allegations contained in this paragraph.

13. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs rights and justify the awarding of exemplary and punitive damages.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
**Plaintiff Against Individual Defendants for False Arrest**

16. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:** Defendant Officers restate their answers to paragraphs 1-15 as though fully set forth herein.

17. The stop, arrest, and incarceration of plaintiff by the individual defendants for the purpose of charging him with a false charge were without probable cause and unreasonable.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. By reason of the conduct of the individual defendants, plaintiff JULIUS N. BROWN was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT II
### Plaintiff Against All Individual Defendants for Due Process Violations

19. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:** Defendants restate their answers to paragraphs 1-15 as though fully set forth herein.

20. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, making false statements under oath, and otherwise acting to deny plaintiff a fair hearing and trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

21. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22. By reason of the conduct of the individual defendants, plaintiff JULIUS N. BROWN was deprived of rights, privileges and immunities secured to him by the due process clause of the

Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### COUNT III
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

23. Plaintiff JULIUS N. BROWN incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:** Defendants restate their answers to paragraphs 1-15 as though fully set forth herein.

24. The individual defendants maliciously caused charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written charges, and making false statements under oath.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26. Plaintiff was wrongfully incarcerated for several hours as a direct result of the prosecution of these criminal charges.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

27. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

28. The criminal proceedings were terminated in plaintiff's favor by a non-suit on March 8, 2007.

**ANSWER:** Defendants admit, on information and belief, that the charges of MCC 8-4-030 against plaintiff were dismissed by non-suit on March 8, 2007. Defendants deny the remaining allegations contained in this paragraph.

29. Defendants BOTTOM and STANULA, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

30. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendants deny that Defendant Officers engaged in any wrongful or illegal conduct such that would render the City of Chicago liable under the doctrine of *respondeat superior*.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants hereby demand a jury trial.

## AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201 (1998).

3. Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (1998). Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4. Defendant Officers are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204 (1998).

5. Under Illinois Tort immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

6.       Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

7.       To the extent that Plaintiff is alleging a claim pursuant the Fifth Amendment, it should be dismissed. The "Due Process Clause of the Fifth Amendment's applies only to federal officials." <u>LaBoy v. Zuley</u>, 747 F. Supp./ 1284, 1286 (N.D. Ill. 1990) (citation omitted). Hence, since Plaintiff alleges that the Defendant Officers are City of Chicago Police Officers and not agents of the federal government, Plaintiff's Fifth Amendment claim must be dismissed.

8.       To the extent that plaintiff is making a due process claim, his complaint should be dismissed. Plaintiff cannot state a claim for violation of his substantive due process rights. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989). See also <u>Albright v. Oliver</u>, 510 U.S. 266, 275, 114 S. Ct. 807, 813 (1994); <u>Mays v. City of East St. Louis</u>, 123 F.3d 999, 1002 (7th Cir. 1997).

Dated May 7, 2008

                                                            Respectfully submitted,

                                                            /s/ Gail L. Reich
                                                            GAIL L. REICH
                                                            Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975(312) 744-6566 (Fax)
Atty. No. 06279564